UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VERONICA SCULLY,

Plaintiff,

v. Case No: 6:22-cv-2271-CEM-LHP

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S UNOPPOSED RULE 35 AMENDED MOTION FOR ENTRY OF ORDER FOR PHYSICAL EXAMINATION WITH RAVI PATEL, M.D. (Doc. No. 26)** |
| **FILED:** | **October 6, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

Plaintiff Veronica Scully filed a complaint against Defendant Liberty Mutual Insurance Company in state court. Doc. No. 1-1. The matter was removed to this

Court on December 7, 2022. Doc. No. 1. In the complaint, Plaintiff alleges that she suffered bodily injury in a motor vehicle crash in which she was a passenger in a vehicle struck by an underinsured driver. Doc. No. 1-1, at 2–3. She seeks uninsured/underinsured motorist coverage from her insurer, Defendant. *Id.*

Defendant now seeks an Order requiring Plaintiff to appear for a physical examination pursuant to Federal Rule of Civil Procedure 35. Doc. No. 26. Defendant states that Plaintiff has placed her physical condition in controversy by alleging bodily injury in this action. *Id.* at 1. Defendant requests that Plaintiff appear for a physical examination by Ravi Patel, M.D., on November 10, 2023, at 10:30 a.m. at Dr. Patel's office located in Orlando, Florida. *Id.* at 1–2. The scope of the examination will be "a physical examination and review of available medical records and films" and "to discuss with Plaintiff . . . her alleged injuries and the nature of her physical condition." *Id.* at 2. Plaintiff does not oppose the motion. *Id.* at 5.

Federal Rule of Civil Procedure 35 provides: "The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a). The party moving for a physical examination

under Federal Rule of Civil Procedure 35 has the burden of establishing that the plaintiff's or the defendant's physical condition is in controversy and that there is good cause for the Court to order the examination. Fed. R. Civ. P. 35(a); *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964). The Order setting a Rule 35 examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Here, Defendant has demonstrated that Plaintiff has placed her physical injuries at issue in this case, and good cause exists to require Plaintiff to submit to a physical examination pursuant to Federal Rule of Civil Procedure 35. *See Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.").

Accordingly, Defendant's Unopposed Rule 35 Amended Motion for Entry of Order for Physical Examination with Ravi Patel, M.D. (Doc. No. 26) is **GRANTED in part**. It is **ORDERED** that on **November 10, 2023, at 10:30 a.m.,** Plaintiff shall appear at **25 W. Crystal Lake Street, Suite 200, Orlando, Florida 32806**, to be examined by **Ravi Patel, M.D.**, who will "conduct a physical examination and

review of available medical records and films" and "discuss with Plaintiff . . . her alleged injuries and the nature of her physical condition."

The examination will also comply with the conditions set forth in Defendant's motion and as agreed to by the parties, *see* Doc. No. 26, at 2–5, with one exception. Defendant's motion (Doc. No. 26) is **DENIED** with respect to the conditions relating to whether the videotape and/or digital recording of the examination will be considered work product of Plaintiff's counsel, and whether/when Defendant can obtain a copy of the videotape and/or digital recording. *See* Doc. No. 26, at 4 ¶ (2)(f). These conditions are outside the scope of Rule 35, and the parties have provided no legal authority to support Court-ordered imposition of these conditions. *See, e.g.*, *Bolton v. GEICO Gen. Ins. Co.*, No. 6:22-cv-1206-RBD-LHP, 2023 WL 2436045, at *3 (M.D. Fla. Feb. 17, 2023); *Lenczyk v. USAA Cas. Ins. Co.*, No. 6:20-cv-1641-PGB-LRH, 2021 WL 8820996, at *2 (M.D. Fla. May 20, 2021).

**DONE** and **ORDERED** in Orlando, Florida on October 10, 2023.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties